Burke, J. (dissenting).
The majority opinion has correctly outlined the duty of care imposed by law upon a school for the protection of its students in a case such as this, i.e., “A reasonable measure of a school’s responsibility for snowball throwing is to control or prevent it during- recreation periods according to its best judgment of conditions, and to take energetic steps to intervene at other times if dangerous play comes to its notice while children are within its area of responsibility.” However, I disagree with the majority’s determination that as a matter of law the Board of Education did not breach this duty, notwithstanding contrary findings of fact affirmed in the Appellate Division.
*307 Although the plaintiff was passing through the schoolyard on her way into the school, the other children were not merely passing through. They had returned from their lunch and were playing in the schoolyard awaiting the commencement of their afternoon classes. That the remainder of a luncheon recess, after school children have returned from lunch and are playing in the schoolyard, is a ‘ ‘ recreation period ” as used by the majority in defining the board’s duty is hardly controvertible. Furthermore, a duty of supervision over such playground activity is clearly imposed upon the Board of Education by subdivision 16 of section 1709 of the Education Law. (Decker v. Dundee Cent. School Dist., 4 N Y 2d 462, 464 [1958].) In recognition of this duty, the school authorities promulgated a regulation forbidding the throwing of snowballs on the school premises. Once this particular standard of care was adopted, whether or not it was reasonably complied with was a question of fact to be submitted to the jury. The Appellate Division unanimously agreed that plaintiff had established a prima facie case; the principal cause for the dissent was the admissibility of certain evidence, not a disagreement as to the duty imposed upon the Board of Education. That the snowball throwing was a dangerous activity, that the school authorities had notice thereof, and that they failed to act reasonably under the circumstances, proximately causing plaintiff’s damages, are affirmed findings of fact which cannot be disputed here. For these reasons I would affirm in all respects.
Judges Dye, Fuld, Van Voorhis and Scileppi concur with Judge Bergan; Judge Burke dissents in an opinion in which Chief Judge Desmohd concurs.
Order reversed, etc.